PARDEE, J. The United States having sued the defendant Mrs. Annie E. Norris, wife of William B. Norris, for the sum of $3,000, for the value of timber unlawfully cut by trespassers on the public lands, and converted by the said defendants to their own use, recovered a verdict of $105, upon which judgment was rendered for the sum of $105, with 6 per cent. interest thereon, etc., from which judgment the United States prosecutes this writ of error.

---

UNITED STATES *v.* NORRIS *et al.*

NORRIS *et al. v.* UNITED STATES.

(*Circuit Court, W. D. Louisiana.* January 5, 1891.)

At Law. Error to district court.
*M. C. Elstner*, U. S. Atty.
*J. L. Bradford*, for Mrs. A. E. Norris.

PARDEE, J. The United States brought suit in the district court against the defendant to recover the value of certain timber and logs unlawfully removed by trespassers from vacant public lands, and by the defendants received and converted. After various exceptions were filed, which seem to have been disregarded because filed too late, the defendant filed a general denial. A trial was had before a jury, which found a verdict for the plaintiff, and against the defendant, in the sum of $687.50, whereupon the defendant filed a motion for a new trial, on the ground that the verdict was excessive, and contrary to the law and the evidence. The motion for a new trial appears to have been dis-

posed of by agreement between the parties that it should be granted, for thereafter, without mentioning it, a waiver of trial by jury was entered and the cause was submitted to the court. The court found the following statement of facts:

"Henry Gill, in 1877, desiring to enter the following described lands: N. ¼ N. E. ¼, S. W. ¼, N. E. ¼, N. E. ¼, N. W. ¼, sec. 12, in T. S. 7, R. 8, W., lying in Louisiana, Calcasieu parish, public lands at that time,—Gill made application and affidavit under homestead laws, and paid thirteen and ninety-seven one-hundredths dollars ($13.97) as the fee required by the government. He did not go upon the lands, and made no improvements thereon at any time or kind; that in 1883 and 1884 Gill sold to Lanier & Nixon all the right to cut all the timber on the said lands; that Lanier & Nixon gave him a trifling sum for the right to cut the timber. Lanier & Nixon trespassed upon the lands, and cut five hundred pine logs therefrom. The five hundred logs measured one hundred and twenty-five thousand feet. The logs lying cut on the ground were worth $1.25 per thousand. After they were put in the water to be converted the logs were worth $5.50 per thousand. W. B. Norris, as the agent of his wife, the defendant in this suit, bought the five hundred logs from Lanier & Nixon at $5.50 per thousand. He did not know that said logs were cut by them from the described lands. Norris bought and received the logs at the general place where he bought logs for defendants' mill in open market at the ordinary prices for timber. Gill, desiring in 1889 to take the benefit of the law of 1880, (June 15th, section 2 thereof,) was allowed by the government officers in the land-office to pay $1.25 per acre to the government for said lands, and he was allowed a credit on the sum to be paid by him for the $13.97 paid by him in 1887, when he made his application. Gill now has title to the said land. On this statement of facts the court orders and decrees that plaintiff have judgment against the defendant in the sum of one hundred and sixty-seven and twenty-five one-hundredths dollars, ($167.25,) with legal five per cent. interest from date of filing petition in said suit."

The reasoning and opinion of the court are found in 41 Fed. Rep. 424. On the statement of facts as found by the court the defendant asked the court to rule as follows:

"That under the special finding of facts it is good law to hold that the United States, plaintiff in this suit, by their legislative act, being the law of June 15, 1880, § 2, condoned the failure of the homestead enterer, Henry Gill, to enter upon, improve, and cultivate land covered by his homestead entry, according to the requirements of the homestead acts; and that, having received from him in 1889 the full price at which the lands were held for sale in 1877, issued to him the usual evidence of such payment, the said United States, as the plaintiff in this suit, cannot recover from the said Gill, or any person cutting timber on said lands under his authority, any civil damages for said cutting or the removal of said timber from said land when the cutting and removal were done after the said Gill made his homestead entry, and before he bought the land in 1889."

This ruling was refused by the court, and bill of exceptions reserved. The plaintiffs also reserved a bill of exceptions to the finding that the defendant, being a purchaser in good faith, was responsible to plaintiffs only in the sum of $1.25 per thousand. Both parties have sued out a writ of error; one complaining that too small a judgment was given in his favor, and the other that any judgment at all was given against him.

The questions presented here as to the effect of the homestead entry and the rule of damages are identical with those decided in the case of *U. S.* v. *Norris, ante,* 740, and the decision in that case must control the present case. It is therefore ordered and adjudged that the judgment of the district court be and the same is reversed, with costs, and that this cause be remanded to the said district court with instructions to enter judgment for the plaintiff against the defendant in the sum of $687.50, with legal interest from judicial demand, and for all costs.